**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT SARGENT,**

                  **Plaintiff,**

**-vs-**                                                                                Case No. 6:07-cv-1073-Orl-19KRS

**SPECIALIZED SERVICES, INC.,**

                  **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

> **MOTION:**     **MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25)**
>
> **FILED:**       **May 28, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, et seq. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

In response to the Court's Interrogatories, Plaintiff Robert Sargent claimed he was owed wages of $6,840.00, plus liquidated damages in the same amount. Doc. No. 13. The parties represent that under the settlement agreement, Sargent will receive a total of $7,600.00 as negotiated after information was furnished in discovery, and that Sargent is satisfied with the settlement. Defendant also will pay Plaintiff's attorneys' fees of $5,900.00. Based on these representations, I conclude that the amount Sargent will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" because he will be fully compensated for all claimed FLSA wages *Id*. at 1354.

The parties request that the Court approve the settlement agreement and dismiss the action with prejudice. They further request that the Court retain jurisdiction to enforce the settlement.

Accordingly, I respectfully recommend as follows:

1.   The Court find that the amount received by Sargent is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

2.   The Court dismiss the case with prejudice;

3.   The Court reserve jurisdiction to enforce the settlement agreement.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 4, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy